# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>    Plaintiff,<br><br>    v.<br><br>GILDA A. PAPAZIAN, et al.,<br><br>    Defendants. | Case No. 1:24-cv-00636-SAB<br><br>ORDER DENYING DEFENDANTS GILDA A. PAPAZIAN AND KIMBERLY R. STILLMAKER'S MOTION TO DISMISS AND VACATING AUGUST 21, 2024 HEARING<br><br>(ECF Nos. 7-11, 13)<br><br>FOURTEEN DAY DEADLINE |

Currently before the Court is Gilda A. Papazian, trustee of the Gilda A. Papazian Revocable Trust; and Kimberly R. Stillmaker, trustee of the Kimberly R. Hudson Revocable Trust's ("Defendants") motion to dismiss Jose Escobedo's ("Plaintiff") complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing set on August 21, 2024, will be vacated and the parties will not be required to appear at that time. Based on the moving and opposition papers, as well as the Court's record, for the reasons explained herein, Defendants' motion to dismiss is denied.[1]

---

[1] The parties have consented to the jurisdiction of the magistrate judge and this matter has been referred to the undersigned for all purposes. (ECF Nos. 16, 17, 18, 19.)

1

# I.

# BACKGROUND

Plaintiff suffers from rheumatoid arthritis which impairs his ability to move; he uses a cane for mobility; he has limited dexterity due to arthritis and finger amputation; and he is "physically disabled." (Compl. at ¶ 8.) Around November 17, 2023, Plaintiff went to lunch at Mariscos El Diamante, a facility open to the public and owned, operated, and/or leased by Defendants. (Id. at ¶¶ 1, 7, 9, 10.) During his visit to the restaurant, Plaintiff encountered barriers that limited his access to the facility, including: the route from the parking lot to the entrance was cracked and uneven with excessive height changes that were difficult to walk over; the door at the entrance was heavy and closed too quickly making it difficult to open and walk through; the men's room restroom door was heavy and hard to open; the toilet in the restroom was too low and too far from the grab bars making it difficult to use the grab bars to lower himself and stand up from the toilet; the toilet paper dispenser in the restroom was positioned too far from the toilet, the toilet seat cover dispenser was too high on the wall above the toilet, and the soap and paper towel dispensers were too high and obstructed the counter making them difficult to reach; there were no accessible tables found; and the transaction counter surface was too high and cluttered with items. (Id. at ¶ 10(a-i).)

On May 30, 2024, Plaintiff filed a complaint against Defendants and SA & SM LLC alleging violations of the Americans with Disabilities Act ("ADA") and California law seeking injunctive and declaratory relief and damages. (ECF No. 1.) On June 24, 2024, Defendants filed the instant motion to dismiss. (ECF Nos. 7-11.) On June 8, 2024, Plaintiff filed an opposition. (ECF No. 13.)

# II.

# LEGAL STANDARDS

**A.  Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro

1  v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding a motion to dismiss, "[a]ll allegations
2  of material fact are taken as true and construed in the light most favorable to the nonmoving
3  party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  The pleading
4  standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual
5  allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me
6  accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.
7  Twombly, 550 U.S. 544, 555 (2007)).  In assessing the sufficiency of a complaint, all well-
8  pleaded factual allegations must be accepted as true.  Iqbal, 556 U.S. at 678-79.  However,
9  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements, do not suffice."  Id. at 678.  To avoid a dismissal under Rule 12(b)(6), a complaint
11 must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550
12 U.S. at 570.

13      In deciding whether a complaint states a claim, the Ninth Circuit has found that two
14 principles apply.  First, to be entitled to the presumption of truth the allegations in the complaint
15 "may not simply recite the elements of a cause of action, but must contain sufficient allegations
16 of underlying facts to give fair notice and to enable the opposing party to defend itself
17 effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Second, so that it is not unfair
18 to require the defendant to be subjected to the expenses associated with discovery and continued
19 litigation, the factual allegations of the complaint, which are taken as true, must plausibly
20 suggest an entitlement to relief.  Starr, 652 F.3d at 1216.  "Dismissal is proper only where there
21 is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable
22 legal theory."  Navarro, 250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696,
23 699 (9th Cir.1988)).

24      **B.    Americans with Disabilities Act**

25      Title III of the ADA provides that "[n]o individual shall be discriminated against on the
26 basis of disability" in places of public accommodation.  42 U.S.C. § 12182(a).  "Discrimination"
27 is defined as a failure to make reasonable modifications in policies, practices, or procedures,
28 when modification is necessary to afford such goods, services, facilities, privileges, advantages,

1  or accommodations to individuals with disabilities, unless modifications would fundamentally
2  alter the nature of such goods, services, facilities, privileges, advantages, or accommodations."
3  Id. § 12182(b)(2)(A)(ii).

4      "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or] she
5  is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases,
6  or operates a place of public accommodation; and (3) the plaintiff was denied public
7  accommodations by the defendant because of her [or his] disability." Molski v. M.J. Cable, Inc.,
8  481 F.3d 724, 730 (9th Cir. 2007). Facilities include "all or any portion of buildings, structures,
9  sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways,
10 parking lots, or other real or personal property, including the site where the building, property,
11 structure, or equipment is located." 28 C.F.R. § 36.104. Further, "[t]o succeed on an ADA
12 claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff
13 must also prove that: (1) the existing facility at the defendant's place of business presents an
14 architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily
15 achievable." Hubbard v. 7-Eleven, Inc., 433 F.Supp.2d 1134, 1138 (S.D. Cal. 2006) (quoting
16 Parr v. L & L Drive-Inn Rest., 96 F.Supp.2d 1065, 1085 (D. Haw. 2000)); see also Wyatt v.
17 Ralphs Grocery Co., 65 F. App'x 589, 590 (9th Cir. 2003).

### III.

### DISCUSSION

20     Defendants contend that Plaintiff's complaint contains only bare bones allegations as to
21 his physical disability and how the construction related elements at the subject property affected
22 his mobility on the date of his alleged visit. (Mot. to Dismiss ("Mot.") at 2.[2]) Defendants argue
23 that the complaint does not specify the ADA Accessibility Guidelines ("ADAAG") which
24 Plaintiff contends are applicable and were allegedly violated in order to provide proper notice
25 and the conclusory allegations in the complaint are devoid of facts specifying the ways in which
26 Plaintiff was denied access and how the alleged barriers interfered with Plaintiff's access due to

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1 his disability. (Id.)

2 Defendants argue that the complaint in this action is similar to the complaint in Whitaker 3 v. Tesla Motors, Inc. ("Tesla"), 985 F.3d 1173 (9th Cir. 2021), which failed to state a claim 4 because it merely recited the elements of the cause of action which did not put defendant on 5 notice of how the counters prevented plaintiff from full and equal access to the facility and was 6 affirmed on appeal. (Id. at 3-4.) Defendants contend that the holding was reiterated in Whitaker 7 v. Body, Art, and Soul Tattoos Los Angeles, LLC ("Body, Art, and Soul Tattoos"), 840 8 Fed.Appx. 959, 960-961 (9th Cir. 2021), which held that the complaint did not allege facts 9 identifying the specific deficiencies in the sales counters that prevented the plaintiff from 10 accessing the sales counter and therefore failed to state a claim. (Mot. at 4.) Defendants assert 11 that the same issue is present here and the complaint leaves Defendants guessing as to how the 12 property did not comply with any technical design standard and the conclusory allegations do not 13 provide adequate notice as to how to provide injunctive relief. (Id. at 4-5.)

14 Defendants also argue that the complaint does not satisfy the injury-in-fact requirement to 15 establish Article III standing. Defendants assert that Plaintiff claims to generally have 16 rheumatoid arthritis which impairs his ability to move his joints without pain, is limited in his 17 ability to walk and uses a cane for mobility and has limited dexterity due to arthritis and finger 18 amputation. Defendants contend that the complaint does not specify how the conditions of the 19 property affect his disability. (Id. at 6-7.) Defendants argue that although Plaintiff claims that there 20 were non-compliant construction related elements on the property, he does not specify how the 21 elements interfered with his disability and the motion to dismiss should be granted. (Id. at 7.)

22 Plaintiff counters that the allegations in the complaint meet the requirements of Rule 8 and 23 established case law. Plaintiff argues that the factual allegations are specific enough to identify 24 where in the restaurant the barriers existed and to describe the deficiencies in sufficient detail to put 25 Defendants on notice of the basis of Plaintiff's claims. (Pl.'s Opp. to Defs.' Mot. to Dismiss for 26 Failure to State a Claim ("Opp.") 3, ECF No. 13.) Plaintiff asserts that neither of the cases cited by 27 Defendants supports the contention that a plaintiff is required to plead specific design standards, 28 especially as this early stage of litigation. Plaintiff argues that in the cases cited by Defendants the

1  plaintiff had only alleged that the facility failed to provide accessible service counters without
2  explaining why they were inaccessible and did not allege fact identifying the specific deficiencies in
3  the sales counters that prevented the plaintiff from fully accessing the service counters.  (Id. at 3.)
4  The Ninth Circuit concurred stating that the defects in the complaint could have been cured by
5  allegations that the counters were too high or not in a place that had wheelchair access.  (Id. at 3-4
6  (citing Tesla, 985 F.3d at 1175.)

7        Plaintiff asserts that an earlier Ninth Circuit decision found allegations describing the
8  difficulties in using a men's restroom were sufficient to state a claim.  (Opp. at 4 (citing Oliver v.
9  Ralphs Grocery Co., 654 F.3d 903, 907-08 (9th Cir. 2011).)   Plaintiff contends that the
10 allegations in the complaint, taken as true, establish a plausible claim for relief under the ADA
11 and any ambiguity can be clarified in discovery.  Plaintiff argues that since discovery has not yet
12 occurred, he lacks the knowledge to know which standards apply to the facility.  (Opp. at 4.)
13 Plaintiff states that in Block v. 7-Eleven, Inc., No. 5:21-cv-00048-BLF, 2021 U.S. Dist. LEXIS
14 120269, at *8 (N.D. Cal. Jun. 8, 2021), the Northern District considered this very question and
15 found that specific ADAAG citations need not be pled, and in fact a plaintiff need not plead any
16 ADAAG violation to state a claim under the ADA.  Plaintiff argues that the allegations in the
17 complaint specifically allege that he encountered barriers to his access, provided the factual
18 nature of his experience and alleges that those barriers existed in violation of the ADA and
19 California law and that taken as true these provide sufficient notice and establish a claim.  (Opp.
20 at 5.)

21       Plaintiff also contends that his allegations of disability also meet the Rule 8 standard.
22 Plaintiff argues that he has plead three separate "major life activities" that are limited by his
23 disabilities: moving his joints without pain, walking, and actions requiring dexterity.  Plaintiff
24 asserts that these allegations, taken as true, along with the factual allegations regarding the
25 difficulty he faced in accessing the facility are sufficient to plead a plausible claim.  (Opp. at 6.)
26 Plaintiff contends that the case relied on by Defendants is distinguishable.  (Opp. at 6-7.)
27 Plaintiff asserts that he has plead that he was and continues to be deterred from visiting the
28 facility because he knows the restaurants services are unavailable to him due to his physical

1 disabilities and thus, he has suffered a cognizable injury under the ADA. (Opp. at 7-8.) Plaintiff
2 argues that he has met the Rule 8 pleading standard with regard to how his disability was
3 affected by the barriers he encountered at the facility establishing an injury-in-fact under the
4 ADA. (Opp. 8.)

### A. Whether Standing is Sufficiently Alleged

The Court first addresses Defendants' argument that Plaintiff has not alleged sufficient facts to establish standing under the ADA. As the party invoking jurisdiction, Plaintiff bears the burden of establishing standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). For Plaintiff to allege Article III standing, he must sufficiently plead an (i) injury-in-fact, (ii) that is causally connected to Defendant's challenged conduct, and (iii) likely to be "redressed by a favorable decision." Lujan, 504 U.S. at 560–61 (quoting Simon v. E. Ky. Welfare Rts. Org., 426 U.S. 26, 38, 41–43 (1976) (remaining citations omitted)).

"The existence of federal standing 'often turns on the nature and source of the claim asserted.' Accordingly, our standing analysis must focus on the nature and source of [a plaintiff's] claim — discrimination as defined by the ADA." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 947 (9th Cir. 2011) (citation omitted). The Ninth Circuit has held there are two ways in which an ADA plaintiff may establish standing to sue for injunctive relief: the plaintiff can either demonstrate "deterrence" or "injury-in-fact coupled with an intent to return to a noncompliant facility." Id. at 944.

The alleged injury-in-fact must be: (i) "concrete and particularized" and (ii) "actual or imminent, not 'conjectural' or 'hypothetical.'" Lujan, 504 U.S. at 560 (citing Allen v. Wright, 468 U.S. 737, 756 (1984), abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118 (2014); quoting Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)). Because injunctive relief is the only remedy to individuals under Title III of the ADA, Plaintiff must show he faces a "real and immediate threat of repeated injury" to establish an injury-in-fact for purposes of standing. Chapman, 631 F.3d at 946 (quoting Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004)).

"Under the ADA, when a disabled person encounters an accessibility barrier violating its

1  provisions, it is not necessary for standing purposes that the barrier completely preclude the
2  plaintiff from entering or from using a facility in any way.  Rather, the barrier need only interfere
3  with the plaintiff's 'full and equal enjoyment' of the facility" "on account of his particular
4  disability." Chapman, 631 F.3d at 947 (citations omitted).  Thus, the Ninth Circuit held, "once a
5  disabled person has encountered a barrier violating the ADA, that plaintiff will have a personal
6  stake in the outcome of the controversy so long as his or her suit is limited to barriers related to
7  that person's particular disability." Id. (internal quotations and citation omitted).

8        Although Defendants assert that Plaintiff has only alleged bare bone allegations as to his
9  physical disability and how the alleged construction related defects affected his disability on the
10  date of his visit, "at the pleading stage general factual allegations of injury resulting from the
11  defendant's conduct may suffice to establish standing[.]" Hubbard, 433 F.Supp.2d at 1141.

12        Taking the well-pled allegations in the complaint as true, Plaintiff has adequately alleged
13  that he has a disability under the ADA and that the barriers he encountered at the facility relate to
14  his disability.  Plaintiff has alleged a disability within the ADA because he has limited ability to
15  move, uses a cane for mobility, and has limited dexterity due to arthritis and finger amputation.
16  (Compl. at ¶ 8.)  Under the ADA, a physical impairment that substantially limits a major life
17  activity, such as walking or performing manual tasks qualifies as a disability.  42 U.S.C. §
18  12102(1)(A), (2)(A).

19        Second, Plaintiff has alleged that the route from the parking lot to the entrance was
20  cracked, uneven, and had excessive height changes making it difficult to walk over, the entrance
21  door and bathroom doors were difficult to open because they were too heavy, the toilet was too
22  low and the grab bars were too far away making it difficult to get on and off the toilet, the toilet
23  paper holder and toilet seat cover were positioned too far away and too high and the soap
24  container and paper towel holders were too high and obstructed the counters making them
25  difficult to reach, there were no accessible tables found, and the transaction counter was too high
26  and cluttered. (Compl. at ¶ 10(a-i).)  Discrimination under the ADA includes, not only obvious,
27  but "more subtle forms of discrimination—such as difficult-to-navigate restrooms and hard-to-
28  open doors—that interfere with disabled individuals' "full and equal enjoyment' of places of

1   public accommodation." Chapman, 631 F.3d at 945.

2   Plaintiff also alleges that he lives less than five miles from the facility, was and continues to be deterred from visiting the facility and will return once the barriers to his access are removed. (Compl. at ¶¶ 10, 12.) Plaintiff has plausibly alleged that he is deterred from visiting the facility due to the encountered barriers to access and intent to return once the barriers are removed.

At the pleading stage, the Court finds that the allegations in the complaint are sufficient to establish that Plaintiff has standing under the ADA.

### B. Allegations Regarding Defects at Facility

Defendants also argue that Plaintiff's complaint does not specify the technical design standards which are applicable and allegedly violated to provide proper notice. The Court finds that Tesla and Body, Art, and Soul Tattoos is not similar to the allegations here. In both Tesla and Body, Art, and Soul Tattoos, the plaintiff failed to specify how the service counters denied fair and equal access to the premises.

> The complaint alleges that Tesla "failed to provide accessible service counters," that Whitaker "personally encountered" the inaccessible service counters, and that he was denied "full and equal access." These allegations do little more than recite the elements of an ADA claim, and fall short of putting Tesla on notice of how the counters prevented Whitaker from full and equal access to the Tesla facility. The complaint failed to answer basic questions: Were the service counters too low? Or too high? Were they positioned in an area that was inaccessible for another reason? Without this sort of factual detail, the district court and Tesla were left in the dark about how the service counters denied Whitaker from full and equal enjoyment of the premises.

Tesla, 985 F.3d at 1177. The Tesla court found that "the necessary detail could have been shown through allegations that 'the counter was too high' or 'not in a place that had wheelchair access.' " Id., 985 F.3d at 1175. Similarly, in Body, Art & Soul Tattoos, the Ninth Circuit found that "Whitaker's complaint did not allege facts identifying the specific deficiencies in the sales counters that prevented him from fully accessing the defendant's services." Body, Art & Soul Tattoos, 840 F. App'x at 961.

Here, as discussed above, Plaintiff identified the specific barriers he encountered and how he was denied fair and equal access, such as the difficulty navigating the parking area due to the

route from the parking lot to the entrance being cracked, uneven, and having excessive height changes making it difficult to walk over, the entrance and bathroom doors being too heavy causing difficulty entering, no accessible tables found, the height and distance of the fixtures in the bathroom making using the facilities difficult, and the height of the service counter.  (Compl. at ¶ 10(a-i).)

Further, the Ninth Circuit has rejected the argument "that ADA plaintiffs must prove the defendant contravened a 'specific requirement of the ADAAG,' to establish a violation of the ADA."  Fortyune, 364 F.3d at 1085.  Since Fortyune, courts in this circuit have rejected the argument that an ADA Plaintiff must plead a specific violation of the ADAAG to state an ADA claim.  See Block v. 7-Eleven, Inc., 2021 WL 2651359, at *3; Kohler v. CJP, Ltd., 818 F.Supp.2d 1169, 1177 (C.D. Cal. 2011); Celano v. Marriott Int'l, Inc., No. C 05-4004 PJH, 2008 WL 239306, at *12 (N.D. Cal. Jan. 28, 2008).

Federal regulations identify architectural barriers that are structural in nature and removal is "readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense[;]" including as relevant here, installing accessible door hardware, installing grab bars in toilet stalls, installing raised toilet seats, repositioning the paper towel dispenser in a bathroom.  28 C.F.R. § 36.304(a)(b)(8)(11)(12)(15)(17).  Plaintiff has plead that he encountered such barriers at the subject facility, and the Court finds that this is sufficient to provide notice to Defendants of the alleged defects encountered.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiff's complaint has sufficient factual content to allege standing under the ADA and provide Defendant with notice of the alleged barriers he encountered during his visit to the facility.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants Gilda A. Papazian, trustee of the Gilda A. Papazian Revocable Trust, and Kimberly R. Stillmaker, trustee of the Kimberly R. Hudson Revocable Trust's motion to dismiss, filed June 24, 2024, is DENIED;

2. The hearing set for August 21, 2024, is vacated and the parties will not be required to appear at that time; and

3. Defendants Gilda A. Papazian, trustee of the Gilda A. Papazian Revocable Trust; and Kimberly R. Stillmaker, trustee of the Kimberly R. Hudson Revocable Trust's shall file an answer to the complaint within **fourteen (14) days** of the date of entry of this order.

IT IS SO ORDERED.

Dated:   **August 19, 2024**

UNITED STATES MAGISTRATE JUDGE

11